UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNIE NORIEGA,<br><br>             Plaintiff,<br><br>   v.<br><br>MATTHEW CATE, et al.,<br><br>             Defendant. | 1:13-cv-01420 LJO-BAM (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 24)<br><br>ORDER GRANTING EXTENSION OF TIME TO FILE OPPOSITION TO MOTION FOR SUMMARY JUDGMENT<br><br>THIRTY-DAY DEADLINE |

      Plaintiff Bernie Noriega ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Bunnell for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

      On January 28, 2015, Defendant Bunnell filed a motion for summary judgment on the ground that Plaintiff failed to exhaust his administrative remedies. Concurrent with the motion, Defendant Bunnell provided Plaintiff with the notice of requirements for opposing a motion for summary judgment. (ECF Nos. 21, 21-2.)

      On February 2, 2015, Plaintiff filed a notice of change of address. (ECF No. 22.) On

February 23, 2015, Defendants filed a proof of re-service of the motion for summary judgment on Plaintiff's new address.  (ECF No. 23.)  Plaintiff did not file a timely opposition to the motion for summary judgment.

On March 27, 2015, Plaintiff filed the instant motion for the appointment of counsel.  Plaintiff also requests a thirty-day extension of time.  (ECF No. 24.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Although Plaintiff complains that he no longer has access to a law library, he has access to public libraries and other legal resources now that he is no longer incarcerated.  As noted above, Defendant also has provided him with the requirements for opposing a motion for summary judgment.  Moreover, even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.  This Court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims.  Id.

Although Plaintiff's motion was untimely, Plaintiff will be given an extension of time to file his opposition to the motion for summary judgment in light of the public policy favoring

disposition of cases on their merits.

For the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED without prejudice.  Plaintiff's opposition to the motion for summary judgment shall be served and filed within thirty (30) days after service of this order.

IT IS SO ORDERED.

Dated:   **April 2, 2015**                    /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE