1

2

3

4

5

6

7

8

9

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10  BERNIE NORIEGA,                                    Case No. 1:13-cv-01420-LJO-BAM (PC)

11              Plaintiff,                             ORDER DENYING DEFENDANT
                                                       BUNNELL'S REQUEST FOR HEARING
12        v.                                           (ECF No. 30)

13  MATTHEW CATE, et al.,                              FINDINGS AND RECOMMENDATIONS
                                                       REGARDING DEFENDANT'S MOTION
14              Defendants.                            FOR SUMMARY JUDGMENT FOR
                                                       FAILURE TO EXHAUST
15                                                     ADMINISTRATIVE REMEDIES
                                                       (ECF No. 21)
16
    _____/          FOURTEEN-DAY DEADLINE
17

18        I.      **Procedural Background**

19        Plaintiff Bernie Noriega, a former state prisoner proceeding pro se and in forma pauperis,

20  filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 9, 2013. This action

21  proceeds against Defendant Bunnell for deliberate indifference to Plaintiff's serious medical needs

22  in violation of the Eighth Amendment to the United States Constitution.

23        On January 28, 2015, Defendant Bunnell filed a motion for summary judgment based on

24  Plaintiff's failure to exhaust available administrative remedies.[1] Fed. R. Civ. P. 56(c); *Albino v.*

25  *Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014). (ECF

26  No. 21.)  On May 11, 2015, the Court directed Plaintiff to file an opposition or statement of non-

27  _____

28  [1] Concurrent with the motion, Plaintiff was provided with notice of the requirements for opposing a motion for
    summary judgment.  ECF No. 21-2; *see Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d
    952, 957 (9th Cir. 1988*); Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988).

1   opposition within twenty-one days.   (ECF No. 26.)   On May 15, 2015, Plaintiff filed his

2   opposition to the motion for summary judgment.   (ECF No. 28.)   Defendant replied on May 22,

3   2015.   (ECF No. 29.)   The motion is submitted upon the papers.[2]   Local Rule 230(m), (l).

4       **II.       Legal Standard**

5           **A.   Statutory Exhaustion Requirement**

6           Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action

7   shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal

8   law, by a prisoner confined in any jail, prison, or other correctional facility until such

9   administrative remedies as are available are exhausted."   42 U.S.C. § 1997e(a).   Exhaustion is

10  required regardless of the relief sought by the prisoner and regardless of the relief offered by the

11  process, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to

12  all prisoner suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

13          The failure to exhaust is an affirmative defense, and the defendants bear the burden of

14  raising and proving the absence of exhaustion.   *Jones v. Bock*, 549 U.S. 199, 216, 127 S.Ct. 910,

15  921 (2007); *Albino*, 747 F.3d at 1166.   "In the rare event that a failure to exhaust is clear on the

16  face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)."   *Albino*, 747

17  F.3d at 1166.   Otherwise, the defendants must produce evidence proving the failure to exhaust,

18  and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed

19  in the light most favorable to the plaintiff, shows he failed to exhaust.   *Id.*

20          **B.   Summary Judgment Standard**

21          Any party may move for summary judgment, and the Court shall grant summary judgment

22  if the movant shows that there is no genuine dispute as to any material fact and the movant is

23  entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a) (quotation marks omitted); *Albino*,

24  747 F.3d at 1166; *Washington Mut. Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011).   Each

25  party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing

26  to particular parts of materials in the record, including but not limited to depositions, documents,

27
28  [2] On May 22, 2015, Defendant Bunnell requested that the Court set this matter for hearing, arguing that Local Rule 230(l) no longer applied because Plaintiff was released from prison on January 27, 2015.  (ECF No. 30.)  As the Court finds a hearing unnecessary, Defendant Bunnell's request for a hearing is HEREBY DENIED.

declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact.  Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The Court may consider other materials in the record not cited to by the parties, although it is not required to do so.  Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

The defendants bear the burden of proof in moving for summary judgment for failure to exhaust, *Albino*, 747 F.3d at 1166, and they must "prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy," *id.* at 1172.  If the defendants carry their burden, the burden of production shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Id.* at 1166.  However, "[i]f material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts." *Id.*

### III.   Discussion

#### A. Summary of CDCR's Administrative Review Process

The California Department of Corrections and Rehabilitation (CDCR) has an administrative grievance system for prisoner complaints.  Cal. Code Regs., tit. 15 § 3084.1.  The process is initiated by submitting a CDCR Form 602 describing the issue and the relief requested. *Id.* at § 3084.2(a).  Three levels of review are involved—a first level review, a second level review and a third level review.   *Id.* at § 3084.7.  Bypassing a level of review may result in rejection of the appeal. *Id.* at § 3084.6(b)(15). Under § 1997e, a prisoner has exhausted his administrative remedies when he receives a decision at the third level. *See Barry v. Ratelle*, 985 F. Supp. 1235, 1237-38 (S.D. Cal. 1997).

///

///

1

**B.  Summary of Allegations Underlying Plaintiff's Eighth Amendment Claim**

2

In his first amended complaint, Plaintiff alleged as follows:

3

4

5

6

7

8

9

10

11

12

On January 11, 2012, Plaintiff had ACL meniscus reconstructive surgery at Corcoran Regional Hospital.  Early in the morning of January 16, 2012, Plaintiff awoke in excruciating pain.  Plaintiff elevated his leg, but was unsuccessful in making the pain subside.   At approximately 7:00 p.m., Plaintiff asked his bunkmate to notify floor staff, Correctional Officers Medina and Gonzales, about Plaintiff's leg.  The officers came to Plaintiff's bunk, looked at his bruised leg, and told Plaintiff to report to medical immediately.   Two inmates wheeled Plaintiff to medical.  [¶]  Upon arriving at medical, Plaintiff was contacted by Defendant Bunnell.  Plaintiff informed her that he recently had ACL meniscus reconstructive surgery, his leg was 'on fire,' numb and bruised, and he was in excruciating pain.  Defendant Bunnell stated, 'We're going to do some trivia.'  She then asked Plaintiff why he had waited [] so long.  Plaintiff interrupted her and asked, 'Are you kidding!?! I'm in pain!'  Defendant Bunnell responded, 'Well, I don't know when I'm going to be able to see you.  I've got other things I need to do.  Answer my trivia and tell me why you waited until now – it's late!'  Defendant Bunnell did not look at Plaintiff's leg or take his vitals.  Plaintiff asked for his I.D. and returned to his housing unit.   Plaintiff then reported what happened to Correctional Officers Medina and Gonzales.

13

(ECF No. 10, pp. 3, 6.)

14

Plaintiff further alleged:

15

16

17

At approximately 1:00 p.m. on January 17, 2012, Plaintiff was seen by Defendant Alphonso, who immediately arranged for Plaintiff to be taken out of the prison and admitted to the emergency room at Corcoran Regional Hospital.  The leg issue that Defendant Bunnell refused to treat turned out to be a post-operative sepsis infection.  Plaintiff returned to the prison on January 19, 2012.

18

(ECF No. 10, p. 6.)

19

Plaintiff also alleged:

20

21

22

23

24

On January 24, 2012, Plaintiff filed a medical 602 regarding Defendant Bunnell's actions.  The 602 was deemed a staff complaint.  On March 14, 2012 Plaintiff was interviewed by Defendant Vryhof regarding his appeal.  During the interview, Defendant Vryhof informed Plaintiff that Defendant Bunnell no longer worked at the prison.  Defendant Vryhof also told Plaintiff that she knew Defendant Bunnell had been unprofessional and would have been reprimanded and lost her job.  Defendant Vryhof apologized to Plaintiff, but added that she was obligated to answer his appeal in a way that he probably would not like.

25

(ECF No. 10, p. 6.)

26

**C.  Defendant's Statement of Facts (DSF)[3]**

27

1.  Noriega was an inmate in the custody of the CDCR.  At all times relevant to this

28

---

[3] ECF No. 21-3.

1    action, Noriega was housed at the California Substance Abuse Treatment Facility (SATF).

2        2.      At the time of the alleged injury, Defendant Bunnell was employed as an LVN at

3    SATF.  She is currently retired.

4        3.      Noriega alleges that on or about January 16, 2012, while housed at SATF, he

5    attempted to seek treatment from Defendant LVN Bunnell following a surgical procedure at an

6    outside hospital, but she refused to treat him, violating his Eighth Amendment rights.  (ECF 10, p.

7    6.)

8        4.      An inmate "may appeal any policy, decision, action, condition, or omission by the

9    department or its staff . . . having a material adverse effect upon his or her health, safety, or

10   welfare." Cal. Code Regs. tit. 15, § 3084.1(a). Appeals must be written on a standardized form,

11   CDCR Form 602. Cal. Code Regs. tit. 15, § 3084.2(a). An inmate must submit the appeal within

12   30 calendar days of the occurrence of the event or decision being appealed, upon first having

13   knowledge of the action or decision being appealed, or upon receiving an unsatisfactory

14   departmental response to an appeal. Cal. Code Regs. tit. 15, § 3084.8 (b). An appeal can be

15   cancelled for a number of reasons, including where time limits for submitting the appeal are

16   exceeded even though the inmate or parolee had the opportunity to submit within the prescribed

17   time constraints. Cal. Code Regs. tit. 15, §3084.6(c).

18       5.      First and second level health care appeals are processed by staff located at their

19   respective institutions, while third level appeals are processed by the Inmate Correspondence and

20   Appeals Branch (ICAB) of the California Correctional Health Care Services (CCHCS). (Decl. of

21   (Robinson at ¶¶ 1, 2.) Effective August 1, 2008, appeals involving inmate medical, dental and

22   mental health care issues have been processed by the CCHCS, under the Office of the Federal

23   Receiver appointed in the class action litigation regarding prison healthcare, *Plata v. Brown*, U.S.

24   District Court for the Northern District of California, Case No. 3:01-cv-01351. Thus, the ICAB

25   (formerly the Office of Third Level Appeals) receives, reviews, and maintains all health care

26   appeals accepted for the third and final level of review in the inmate health care appeals process,

27   and renders decisions on such appeals, while the Office of Appeals receives, reviews and

28   maintains all third level inmate appeals concerning non-healthcare issues. (*Id.* at ¶ 3.)

6.      On January 24, 2012, Noriega submitted a health care appeal, log number SATF SC 12001241, which said that he had ACL-meniscus surgery on January 11, 2012, at Corcoran Regional Hospital, and on January 16, 2012, awoke in excruciating pain, but at 7:00 p.m. that night when he went to the medical office, LVN Bunnell refused to treat him. (Robinson Dec. ¶ 8 and Ex. B, pp. 1, 3.) Noriega's appeal was bypassed at the first level and was accepted at the second level of review on February 2, 2012. (Robinson Dec. ¶ 8 and Ex. B, p. 2.)

7.      On March 14, 2012, Noriega was interviewed and his appeal, log number SATF SC 12001241, was completed at the second level. (Robinson Dec. ¶ 9 and Ex. C, pp. 1-2.) The appeal was processed as a staff complaint appeal inquiry, and Noriega's allegations were investigated. (Robinson Dec. ¶ 9 and Ex. C, p. 2.) After a confidential inquiry, the reviewer was unable to determine if staff violated policy. (Robinson Dec. ¶ 9 and Ex. C, p. 2.)  Defendant Bunnell was not interviewed as she was no longer employed at SATF. (Robinson Dec. ¶ 9 and Ex. C, p. 1.)

8.      On April 18, 2012, Noriega submitted his health care appeal, log number SATF SC 12001241, to the third and final level of review. (Robinson Dec. ¶ 10 and Ex. B, pp. 2, 4.) On July 10, 2012, Noriega's appeal was partially granted at the third level on the basis that it is "not in the purview of inmates to request specific action" regarding staff complaints or disciplinary actions taken against personnel, and the third level reviewer found that the content of the inquiry was incomplete as not all of Noriega's allegations were addressed nor was further evidence considered. Therefore, a modification order was issued to the Chief Executive Officer at SATF for completion of the confidential inquiry to include evidence collection and consideration beyond interviews with Noriega and Defendant Bunnell, and to include a review of the alleged delay in access to care. The Chief Executive Officer was instructed to provide an amended staff complaint response, and submit copies of the completed inquiry to the third level to demonstrate compliance with the order. (Decl. of Robinson at ¶ 10 and Ex. D at pp. 4-6.) The modification order noted that if, after a review of the Unit Log Book, along with interviews of the correctional officers or inmates cited by Noriega were considered, the evidence was still inconclusive, then the conclusion of the inability to determine if policy was violated could be considered acceptable. (Decl. of Robinson at ¶ 10 and Ex. D at p. 2.)

6

9.      On August 20, 2012, the amended second level response to health care appeal, log number SATF SC 12001241, was issued. (Decl. of Robinson at ¶ 11 and Ex. E.) A confidential inquiry was conducted and the reviewer noted that Defendant Bunnell could not be interviewed as she was no longer employed, and the correctional officers Noriega identified were not interviewed as they did not witness the encounter with Defendant Bunnell. (Decl. of Robinson at ¶ 11 and Ex. E at p. 1.) The Facility A3 log book was reviewed, and the reviewer also noted that on January 12, 2012, Noriega was pre-scheduled for a five-day follow-up with the primary care physician on January 17, 2012. (Decl. of Robinson at ¶ 11 and Ex. D at p. 3.)

10.     The amended second level response to health care appeal, log number SATF SC 12001241, was partially granted in that pursuant to the modification order an inquiry into Noriega's allegation was conducted, and staff remained unable to determine whether or not staff violated policy. (Decl. of Robinson at ¶ 12 and Ex. E at p. 2.) Noriega was instructed that if he wished to appeal the decision, he must submit his staff complaint through the third and final level of review. (*Ibid.*) According to Noriega's health care appeals history, he did not submit health care appeal, log number SATF SC 12001241, to the third level for further review. (*Id.* at ¶ 13.)

### D.  Discussion

Defendant Bunnell argues that Plaintiff did not exhaust his administrative remedies because Plaintiff failed to appeal the amended second level response, issued on August 20, 2012, to the third and final level of review in compliance with the available administrative process.

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). An inmate thus cannot demonstrate exhaustion where he has failed to follow the rules for submitting and pursuing an administrative appeal. It is the agency's rules and regulations, not the PLRA itself, that determines whether an inmate has properly exhausted his administrative remedies. *Jones*, 549 U.S. at 218.

According to the undisputed evidence, a modification order was issued at the third level of review on July 10, 2012, which sent Plaintiff's appeal issue back to the second level for

7

1   modification of the decision. (DSF 8.)  In compliance with the modification order, an amended

2   second level response was issued on August 12, 2012.  (DSF 9.)  The amended second level

3   response instructed Plaintiff that he must complete his appeal through all levels of review,

4   including the third and final (or Director's) level of review, after which his appeal would be

5   considered exhausted. (DSF 10.)   Pursuant to CDCR regulations, after completion of a

6   modification order, an inmate must submit his appeal to the next level within thirty calendar days

7   of receiving the modification order response. Cal. Code Regs. tit. 15, § 3084.7(i)(2).   The

8   undisputed evidence establishes that Plaintiff did not submit the amended second level response to

9   the next (third) level for further review.  (DSF 10.)

10      The Court finds that Defendant Bunnell has carried the burden to demonstrate that there

11   was an available administrative remedy, but Plaintiff failed to exhaust that remedy in connection

12   with the amended second level response.

13      The burden therefore shifts to Plaintiff to demonstrate that the existing and generally

14   available administrative remedy was effectively unavailable to him.  The Court finds that Plaintiff

15   has failed to carry this burden.  In his opposition, Plaintiff argues that he exhausted his appeal on

16   July 10, 2012, when he received the decision from the Office of Third Level Appeals-Health Care

17   in Sacramento, California, and then filed this action shortly thereafter on July 24, 2012.  (ECF No.

18   28, p. 1.)  Plaintiff is incorrect.  Contrary to his argument, Plaintiff did not file the instant action

19   until September 5, 2013, which was more than a year after the amended second level response was

20   issue.  Plaintiff thus had sufficient time to submit the amended second level response to the third

21   level for review.

22      Plaintiff has not otherwise demonstrated that the available administrative remedies were

23   rendered unavailable to him through no fault of his own.  *See Sapp v. Kimbrell*, 623 F.3d 813,

24   822-23 (9th Cir. 2010); *Nunez v. Duncan*, 591 F.3d 1217, 1224 (9th Cir. 2010) (prisoner's failure

25   to exhaust excused where he took reasonable and appropriate steps to exhaust and was precluded,

26   not through his own fault, but by the Warden's mistake); *see also Albino*, 747 F.3d at 1173

27   (exhaustion may be excused if prisoner reliably informed that the remedy was not available to

28   him); *Nunez*, 591 F.3d at 1225-26; *Marella v. Terhune*, 568 F.3d 1024, 1027 (9th Cir. 2009)

1  (district court erred in dismissing complaint for failure to exhaust administrative remedies because

2  the prisoner had been informed that he was not permitted to appeal the decision); *Miller v. Tanner*,

3  196 F.3d 1190, 1194 (11th Cir. 1999) (inmate not required to file an appeal after being "told

4  unequivocally that appeal . . . was precluded").  The Court acknowledges that the July 10, 2012

5  decision letter issued by the Office of Third Level Appeals-Health Care stated, "This decision

6  exhausts your available administrative remedy. . . ." (Def's Ex. D, p. 6.)  However, Plaintiff has

7  not argued, nor can he, that this statement excused the exhaustion requirement.  As discussed

8  above, subsequent to the issuance of the July 2012 third level response, prison officials issued the

9  amended second level response on August 20, 2012. (DSF 9.)  In that response, prison officials

10  expressly instructed Plaintiff that he must submit his appeal through the Director's Level of

11  Review and informed Plaintiff that his administrative remedies would be considered exhausted

12  "[o]nce a decision has been rendered at the Office of Third Level Appeals-Health Care." (DSF

13  10; Def's Ex. E.)  CDCR regulations also unequivocally required Plaintiff to submit his appeal to

14  the next level after completion of the modification order.   Cal. Code Regs. tit. 15, § 3084.7(i)(2).

15  It is undisputed that Plaintiff failed to do so.  (DSF 10.)

16      Based on these reasons, the Court finds that Plaintiff has not exhausted his administrative

17  remedies with regard to his claim against Defendant Bunnell and that he should not be excused

18  from the failure to exhaust.

19      **V.      Conclusion and Recommendation**

20      For the reasons stated, IT IS HEREBY RECOMMENDED that Defendant's motion for

21  summary judgment for failure to exhaust administrative remedies, filed on January 28, 2015, be

22  granted.

23      These Findings and Recommendations will be submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).   Within

25  **fourteen (14) days** after being served with these Findings and Recommendations, the parties may

26  file written objections with the Court.   The document should be captioned "Objections to

27  Magistrate Judge's Findings and Recommendations."   The parties are advised that failure to file

28  objections within the specified time may result in the waiver of the "right to challenge the

9

1    magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014)

2    (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

3    IT IS SO ORDERED.

4    Dated:    __**June 15, 2015**__             ___/s/ *Barbara A. McAuliffe*___

5                                    UNITED STATES MAGISTRATE JUDGE

10